(C. D. 727)

Tonkin Distributing Co. et al. *v.* United States

## United States Customs Court, Third Division

(Decided February 4, 1943)

Lawrence & Tuttle (George R. Tuttle and Charles F. Lawrence of counsel) for the plaintiffs.
Paul P. Rao, Assistant Attorney General (Richard F. Weeks, James F. Donnelly, and Alfred A. Taylor, Jr., special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: In these suits arising at San Francisco it is contended that various articles are properly dutiable as beverages at 15 cents per gallon under paragraph 808, or under paragraph 501 or 502 as sugar sirups, the latter claims not being pressed.

In protest 682367–G the invoice includes three classes of merchandise classified for duty by the collector under various paragraphs of the Tariff Act of 1930 as follows: Vermouth at 15 cents per gallon under paragraph 808, as beverages; Grenadine at 20 per centum ad valorem under paragraph 1558, as a nonenumerated manufactured article; and one case of samples of French dessert sauces, described as Rumola, Redemptine, Red Curacao, Cacao, Green Menthe, Apricot, Anisette, Branditone, Marasquin, Chartronine, Kirsch, and Cherry, at 35 per centum ad valorem under paragraph 775, as sauces of all kinds, not specially provided for. The foregoing protest fails to point out the particular merchandise claimed to have been erroneously classified by the collector. The collector, in his letter of transmittal, manifestly being in a quandary as to the merchandise against which the protest was filed merely lists all of the merchandise contained on the invoice, and his classification thereof. The protest reads:

Beverages: The merchandise is dutiable at 15 cents per gallon under par. 808 (beverages), or under par. 501 or 502 (sugar sirups).

Vermouth undoubtedly is not in issue because it was assessed under one of the paragraphs claimed. Clearly there is nothing to indicate which of the two remaining classifications are in dispute and the heading "Beverages" is not enlightening, the invoice failing to indicate any such items upon the invoice, other than vermouth. We are of the opinion that the protest is not sufficiently specific. See U. Fujita & Co. et al. v. United States, 26 C. C. P. A. 63, T. D. 49611. It is therefore dismissed.

Although the remaining protests were similar in every respect to the protest set out in the preceding paragraph, the merchandise was assessed for duty at 20 per centum ad valorem under paragraph 1558,

except the items of vermouth. The collector pointed out in his letters of transmittal that the items upon which 20 per centum was assessed were the articles in issue. Therefore we are of the opinion that the remaining protests are sufficiently specific.

The merchandise is described in the invoices as Silver Slipper London dry, Creme de Cafe, Red Curacao, Green Menthe, Grenadine, Cacao, Yellow Chartonine, Goldwasser, Cherry, Kummel, Apricot, Abtei, Pfeffermunz, Blackberry, Rum Punch, Herzkirsch, Cacao Coloring Caramel, Anisette, Negrit Punch, Apricosta, Peach fl. sirup, Menthe verte, Blackberry sirup, Prunelle, Maraschino, Ardine, Imperiale, Salambo, Bardinetine, Curachyp, Orange fl. sirup, Saint-Martial, Creme de Cassis, and Pousse cafe.

At the trial the examiner of the merchandise testified for the plaintiff that all of these articles were substantially of the same character with the exception of the Silver Slipper gin and the vermouth, and with the exception of the vermouth the articles were all classified in the same manner. He further testified that under a long-continued practice the vermouth was classified as a nonalcoholic beverage under paragraph 808 and that, in his opinion, the articles other than vermouth were sirups or nonalcoholic cordials used for flavoring purposes.

Two witnesses testified for the plaintiffs, to wit, Sidney Modlin, partner in the firm of Tonkin Distributing Co., and Herman Gumpel, president of Rathjen Brothers, Inc. Certain of the articles were imported by both concerns, to wit, grenadine, cacao, anisette, curacao, and kummel. Both witnesses were agreed that vermouth was principally used with carbonated water and alcohol as a mixer; that grenadine was a sirup, primarily a coloring, which was mixed with other products such as water, the same as ordinary soda pop, and witness Gumpel testified it was used with ice cream as a dressing and with mineral water and alcoholic drinks as a mixer by putting "an ounce of Grenadine in a glass and mixing it with 6 or 8 ounces of mineral water" (record p. 40) and then using it with alcohol; kummel, according to witness Modlin, "makes a very nice drink either straight or mixed with soda water" (record p. 24), while witness Gumpel testified it was used for mixing with "I suppose alcohol and mineral water" (record p. 52). Cacao, anisette, and curacao, according to witness Modlin, were principally used in the same manner as vermouth, that is, mixed with soda water or alcohol or whisky and as a flavoring (record pp. 21 and 22). On the other hand, witness Gumpel testified that cacao "was used with black coffee" (record p. 41) and also as a mixer "with mineral water and alcohol" (record p. 41), and anisette and curacao were used as dressing for ice cream and also with mineral water and alcohol as mixers (record p. 43).

As to the remaining items imported by the Tonkin Distributing Co., witness Modlin testified that the Silver Slipper London dry was a nonalcoholic gin and may be used on ice cream or mixed with water or in soft drinks, and that "It would have to be mixed in with water or mixed with something in the drink" (record p. 23); that creme de cafe had a coffee flavor and was used in the same manner as coffee; that Goldwasser was a nonalcoholic wine; that Abtei was a nonalcoholic drink like wine; and that the remainder of the articles were used in the same manner as vermouth as a mixer and also as a flavoring and that all of the articles imported with the exception of Silver Slipper London dry, vermouth, and grenadine were drunk either straight or with the addition of soda water, and the principal use of all articles on or immediately prior to the adoption of the Tariff Act of 1930 was in a mixture with alcohol, 10 ounces of alcohol to a 25-ounce bottle.

A schedule of the items imported by the plaintiffs herein was admitted in evidence as exhibit 1. Pages 1 and 3 contain items imported by Tonkin Distributing Co., and pages 2 and 3 contain items imported by Rathjen Brothers, Inc. The testimony of witness Modlin related to the items on pages 1 and 3 while that of witness Gumpel was given in connection with the merchandise listed upon pages 2 and 3, including some of the Tonkin imports.

Witness Gumpel testified that all of the articles, including all of the Tonkin imports in issue and considered herein except the Silver Slipper London dry and the creme de cafe, were principally used as a mixer with alcoholic drinks, but were not generally drunk straight and if so drunk would make one sick.

The testimony of these two witnesses as to the use of the articles was based upon their sales and also from personal observation and by partaking of drinks mixed with some or all of the imported articles.

Counsel for the plaintiffs stated that the classification of the item of vermouth was not being contested. It was also conceded that none of the articles was chiefly used in 1930 as a beverage in its imported condition, and further, that there was a practice in effect under the Tariff Act of 1922 and under the act of 1930 to classify nonalcoholic vermouth under the beverage paragraph as a beverage containing less than ½ of 1 per centum of alcohol. In view of such practice, it is here contended that inasmuch as grenadine was found by this court to be similar in use to vermouth by virtue of the similitude clause, and held dutiable under the beverage provision by this court in *Tonkin* v. *United States*, Abstract 33146, the articles here are similarly dutiable by virtue of such clause, as such articles have been established to have been principally used in the same manner as vermouth, and consequently are properly dutiable under paragraph 808 as beverages.

The Government contends that the *Tonkin* case, *supra*, may not be used as an authority in this case because there the court was restricted to certain stipulated facts, wherein it was agreed that the grenadine there in question had a certain minor use as a beverage without being mixed with other liquids. Here, however, the evidence establishes that grenadine is too sickeningly sweet to be partaken of in its imported condition.

The Government further contends that the word "beverage" contemplates a finished drink rather than the separate ingredients from which a drink is concocted, and such common meaning would exclude grenadine as a beverage; and that the remaining articles comprising these shipments are either simply flavoring ingredients, sauces, or used as a base for a finished drink, and are admittedly undrinkable in their imported condition.

Products similar in invoice description to the products herein have been the subject of decision before this court many times, and have invariably been held dutiable as nonenumerated manufactured articles unless it has been proven that such articles are used as beverages in their imported condition. Here it is contended that because of the long-continued practice of classifying vermouth as a beverage under paragraph 808, these commodities are classifiable thereunder by virtue of the similitude clause, the plaintiffs relying particularly upon our decision in the *Tonkin* case, *supra*. In that case it was stipulated and agreed between counsel that the particular grenadine there at issue was chiefly used, after being mixed with other fluids, such as whisky, gin, fruit juice, soda water, and other fluids, as a beverage and that it had a minor use as a beverage without other fluids being added, and that nonalcoholic vermouth was chiefly used, after being mixed with whisky, gin, fruit juice, soda water, etc., as a beverage. From the facts before the court there, it was held that such grenadine was used in the same manner and for the same purpose as vermouth, and was dutiable under paragraph 808 as a beverage by similitude to vermouth. Former decisions holding grenadine dutiable as a nonenumerated article were held not to apply inasmuch as the similitude clause had not been raised in connection with the classification thereof. In that case this court found that vermouth was enumerated in the act by force of its inclusion within the general class of beverages by congressional recognition of the administrative practice of so classifying it, and as the facts before the court established that the particular grenadine at issue there and vermouth were nonalcoholic and both were chiefly used after being mixed with other fluids, as a beverage, grenadine was properly dutiable by similitude to vermouth as a beverage. In that case, it is important to note that the evidence also established that the grenadine at issue was actually used as a beverage in its imported condition.

The word "beverage" is defined in Webster's New International Dictionary as "Liquid for drinking; drink; usually, drink artificially prepared and of an agreeable flavor; as, an intoxicating *beverage*."

In the case of *Porges & Levy* v. *United States*, 15 Ct. Cust. Appls. 298, T. D. 42474, certain wine imported for use in curing tobacco, which was rendered undrinkable by adding potassium nitrate, was claimed to be properly dutiable as a wine. The court there held that paragraph 804 of the Tariff Act of 1922 was restricted to such articles as were beverages and that denatured wine rendered undrinkable was neither dutiable thereunder directly nor by similitude, the court stating:

It is obvious that, if the articles provided for in paragraph 804 are restricted to such as are beverages, the involved merchandise is not dutiable thereunder by similitude of material, quality, texture, or use.

The case of *Arnold* v. *United States*, 20 C. C. P. A. 417, T. D. 46259, involved certain Sauce Bercy, Sauce Newberg, Sauce Bordelaise, and sherry flavoring, which were conceded to consist of sherry and other low-grade wines, each containing alcohol in less quantity than 20 per centum and also roughly 1.78 per centum of salt. The articles were classified as alcoholic compounds under paragraph 24 of the Tariff Act of 1930. The importer contended that the articles were properly dutiable as nonenumerated manufactured articles under paragraph 1558. The Customs Court held the articles properly classifiable as still wines under paragraph 804, and overruled the protest without affirming the action of the collector. There our appellate court stated:

We do not think the importation can be classified under the provision "still wines, * * * and similar beverages" in paragraph 804, *supra*, either directly or by similitude. The court below found that it was classifiable under said paragraph 804 by similitude because the only use to which the importation was placed was "one of the ancient and important uses of wine for seasoning food in the kitchen." Sherry wine is a well-known beverage, and we can not agree that its use as a cooking ingredient justifies the application of the similitude paragraph of the tariff act so as to control the classification of the merchandise at bar.

* * * * * * *

Since this court definitely held in the *Porges & Levy* case, *supra*, that paragraph 804 of the Tariff Act of 1922 was restricted to such articles as were beverages, it seems that our decision in that case is controlling of our decision on the same phase of this case, and that, since the paragraph under consideration is so restricted, the instant importation, not being a beverage, can not find dutiable classification thereunder by similitude. * * *.

The appellate court held the classification of the collector was correct rather than the classification under the decision rendered by this court that the product was dutiable as "Still wines * * * and similar beverages" by virtue of the similitude clause.

In the recent case of *Strohmeyer & Arpe Co.* v. *United States*, Abstract 41737, certain grenadine, creme de menthe, creme de

cacao, creme de apricot, and nonalcoholic punch were classified as nonenumerated manufactured articles and claimed dutiable as beverages, either directly or by virtue of the similitude clause. This court held that the articles were not within the meaning of the term "beverages" provided for in paragraph 808. Upon appeal to our appellate court (*Strohmeyer & Arpe Co.* v. *United States*, 28 C. C. P. A. 34, C. A. D. 121) the court considered the testimony of one of the witnesses as pertinent that he had used and served in his home quite frequently unadulterated nonalcoholic creme de menthe and creme de cacao by pouring the articles over shaved ice and when so served the articles made very refreshing drinks. The court regarded such testimony as sufficient to establish that those particular articles were beverages. The plaintiff in that case also claimed that, as each of the articles involved therein was used for beverage purposes, it was a beverage within the purview of paragraph 808, whether or not drunk in its imported condition, and if not directly provided for in such paragraph, the articles were dutiable thereunder by similitude. Respecting such contention the appellate court stated:

We think it is clear from the provisions of paragraph 808, *supra*, that the Congress intended to provide therein for beverages only, and that it was not the intent of the Congress to include therein articles or preparations which, in their imported condition, are not beverages. * * *.

Paragraph 808, *supra*, being restricted to "beverages," the similitude provisions of paragraph 1559, *supra*, have no application to the issues in the case at bar. * * *.

On the authority of the foregoing decisions of our appellate court holding as to paragraph 808, Tariff Act of 1930, that the application of the similitude clause is restricted to such articles as are beverages when imported, evidence that the articles imported herein are chiefly used in the same manner as vermouth is insufficient to bring them within the provisions thereof. In view of the conflict of the testimony concerning the articles before us and the different opinions of the witnesses relative to the uses thereof in their imported condition at the time of importation as well as at or immediately before the passage of the Tariff Act of 1930, we are of the opinion that the plaintiffs have failed to prove that the articles are used as beverages in their imported condition.

For the reasons stated we are unable to find anything sufficient to overcome the presumption of correctness of the collector's classification, and judgment will be rendered in favor of the defendant, dismissing protest 682367–G, and overruling the remaining protests.